UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JON DORSEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      vs. | ) CAUSE NO. 1:13-cv-1583-WTL-DKL |
| | ) |
| SHIRE REGENERATIVE MEDICINE, INC., | ) |
| | ) |
|    Defendant. | ) |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant Shire Regenerative Medicine, Inc.'s ("Shire") motion to dismiss (dkt. no. 9). This motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I.     APPLICABLE STANDARD

Shire moves to dismiss Dorsey's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the

right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

## II. BACKGROUND

Jon Dorsey was hired by Advanced BioHealing ("ABH") in April 2011. Later that year, ABH was acquired by Shire. In order to encourage ABH's former employees to remain with Shire though the transition period, Shire offered retention bonuses in the amount of $30,000. The Retention Agreement (the "Agreement") provided, in relevant part:

> You will be eligible to receive a retention bonus in the lump sum amount of $30,000 for remaining employed "in good standing" with Shire through December 28, 2012. This means that you can have no active discipline on file for performance or conduct related matters and must remain in full compliance with all Company policies and procedures. The retention bonus is payable as soon as reasonably possible following that date[.]
>
> If you resign or are terminated for performance or conduct reasons, you will not be eligible to receive the termination bonus.

Dkt. No. 1-1. Dorsey signed the Agreement on September 5, 2011, deciding to remain employed by Shire through the transition period.

On October 25, 2012, however, Dorsey was terminated for submitting credit forms that were not properly signed by Southside Food Clinic, P.C. ("Southside"), a customer of Shire. Because of time constraints, Southside's representative directed Dorsey to copy her signature from one form onto the other four forms so they could all be submitted in a timely fashion. At the time Dorsey did so, there was no written or verbal policy that required the forms to contain an original customer signature. Further, at least one other Shire employee had previously copied a customer's signature onto the forms, but was not terminated for doing so. As a result of Dorsey's termination, he did not receive the $30,000 retention bonus. He filed suit against Shire

in September 2013, in Hamilton County Superior Court. The case was removed to this Court on October 3, 2013.

### III. DISCUSSION

In his Complaint, Dorsey brings five counts against Shire: 1) breach of contract; 2) unjust enrichment; 3) breach of duty of good faith and fair dealing; 4) a claim under the Indiana Wage Claims Statute ("WCS"); and 5) promissory estoppel. Shire moves to dismiss all counts. Its arguments will be addressed, in turn, below.

#### A. Breach of Contract

Count I of Dorsey's Complaint is a claim for breach of contract. "The elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." *Murat Temple Ass'n, Inc. v. Live Nation Worldwide, Inc.*, 953 N.E.2d 1125, 1128-29 (Ind. Ct. App. 2011). At issue is whether Shire breached the Agreement, as it acknowledges the existence of a contract and Dorsey's damages.

Shire argues that the Agreement unambiguously stated that Dorsey would receive the bonus if he remained "employed 'in good standing' with Shire through December 28, 2012." Dkt. No. 1-1. Because Dorsey's employment was terminated in October 2012, he was not entitled to the bonus as he was no longer "in good standing" with the company. As such, Shire argues it did not breach the express terms of the Agreement when it failed to pay Dorsey the $30,000 retention bonus. The Court agrees.

While Dorsey's Complaint alleges that his termination was wrongful, Indiana is an at-will employment state, which bars him from bringing a wrongful termination claim against Shire. *See Whinery v. Roberson*, 819 N.E.2d 465, 472 (Ind. Ct. App. 2004) ("An at-will employee may not sue in contract for wrongful termination."). While Dorsey argues that "[t]his

3

case is not about whether Dorsey was an employee at-will who could be terminated by Shire at any time," Pl.'s Response at 9, because the receipt of his bonus was contingent on remaining employed in good standing, his at-will status is relevant. Unfortunately for Dorsey, it does not matter why Shire terminated his employment—whether it be for performance or conduct reasons or any other reason. As long as the termination was not *unlawful*, i.e., discriminatory, Dorsey has no recourse. Taking as true the factual allegations in his Complaint,[1] Dorsey, at most, has shown that his termination was unreasonable, unfair, or mistaken; he has not alleged, however, that it was unlawful. Simply put, Dorsey had to remain employed in good standing with Shire to receive his bonus, and no matter the reason, he did not because he was fired in October 2012. Even accepting all the facts alleged in his Complaint as true, Dorsey has failed to state a breach of contract claim. Accordingly, Count I of Dorsey's Complaint is **DISMISSED**.

### B. Unjust Enrichment and Promissory Estoppel

Dorsey's Complaint also includes claims for unjust enrichment and promissory estoppel. "Both claims of promissory estoppel and unjust enrichment permit recovery where no express contract or contract in fact exists." *Fiederlein v. Boutselis*, 952 N.E.2d 847, 857 (Ind. Ct. App. 2011). Shire argues that because there is "a valid, enforceable contract that controlled the relationship between Dorsey and Shire regarding when and if the retention bonus should be

---

[1] Dorsey argues that Shire misconstrues the facts stated in his Complaint. For example, Shire states that Dorsey's Complaint alleges that he was fired because he submitted credit forms that had not been properly authorized by the customer. Dorsey quibbles with this noting his Complaint actually alleges, "*According to Shire*, Dorsey was terminated for submitting credit forms that required a customer signature, and further claims that the customer signature submitted on the credit forms was not authentic and had been manipulated by Dorsey." Complaint ¶ 16. As the Court noted above, it simply does not matter why Dorsey was fired, even if his termination was the result of an inaccurate assumption or a poor investigation on Shire's part. Dorsey was an at-will employee and could be fired for any lawful reason. If Shire believed the signatures were improperly authorized, as alleged in Dorsey's Complaint, this is clearly a lawful reason for termination.

4

paid," Def.'s Brief at 10, these claims must be dismissed. In other words, Shire concedes that there is a valid, enforceable contract at issue in this case.

Dorsey notes in his brief that he pled these claims in the alternative in the event that discovery proves or this Court finds that the Agreement is not valid and enforceable. *See Cromeens, Holloman, Sibert, Inc v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003) ("Under that doctrine [the doctrine of pleading in the alternative], a party is allowed to plead breach of contract, or if the court finds no contract was formed, to plead for quasi-contractual relief in the alternative."). Nevertheless, Shire argues that Dorsey's "at-will" status dooms these claims as well, and ultimately, the Court agrees.

In order for Dorsey to recover under promissory estoppel, he "must assert and demonstrate that the employer made a promise to the employee, that the employee relied on that promise to his detriment, and that the promise otherwise fits within the Restatement test for promissory estoppel." *Hinkel v. Sataria Distribution & Packaging, Inc.*, 920 N.E.2d 766, 771 (Ind. Ct. App. 2010). To the extent that Dorsey relied on the promise of the $30,000 retention bonus, that promise was always contingent on his continued employment, which, as noted above, could be terminated for any lawful reason, at any time by Shire. The damages Dorsey suffered in relying on this promise—not receiving the $30,000— were a known possibility and something Shire was always legally allowed to create.

Turning now to Dorsey's unjust enrichment claim, in order to state a claim for unjust enrichment, "a claimant must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Zoeller v. E. Chicago Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009). To the extent that Dorsey conferred a benefit onto Shire by remaining employed, he did so

knowing that the promised bonus was always contingent on his continued employment, which again, was at-will. In other words, the Court does not believe that Shire was *unjustly* enriched in failing to provide Dorsey the bonus when Dorsey knew from the outset that: 1) he had to remain employed to be eligible for the bonus; and 2) he remained an at-will employee. Further, there is no indication in Dorsey's Complaint that Shire did not adequately compensate him for his performance. Shire paid Dorsey a salary—the bonus was to be paid *in addition to* that salary. Accordingly, Counts II and V are **DISMISSED**.

## C. Breach of Duty of Good Faith and Fair Dealing

Count III of Dorsey's Complaint alleges that "Shire had a duty to act in good faith with respect to Dorsey's employment[2] and in carrying out the terms of the Retention Agreement." Complaint ¶ 35. Shire acknowledges that it had a duty to act in good faith with respect to the Agreement; however, it argues that Dorsey's Complaint "fails to set forth a plausible claim that Shire acted in bad faith." Reply at 5. Shire notes that Indiana has defined "bad faith" in the contract context as follows:

> [T]he absence of good faith is bad faith, but bad faith is not simply bad judgment or negligence. Rather, it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity. It is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will.

---

[2] Shire notes that "[t]o the extent that Dorsey is alleging that Shire had a duty of good faith and fair dealing with respect to his termination, this is incorrect under Indiana law." Def.'s Brief at 7. Shire is correct. *See N. Indiana Pub. Serv. Co. v. Dabagia*, 721 N.E.2d 294, 300 (Ind. Ct. App. 1999) (noting that "Indiana does not recognize [an implied covenant of good faith and fair dealing] in employment at will contexts.") (quoting *Mehling v. Dubois County Farm Bureau,* 601 N.E.2d 5, 8 (Ind. Ct. App. 1992)). Dorsey argues that "this case is about whether the obligation of good faith and fair dealing applies to Shire's promise to pay Dorsey the $30,000 retention bonus." Response at 10. The Court will thus only address the good faith and fair dealing argument with respect to the Agreement.

*Turner v. Board of Aviation Comm'rs*, 743 N.E.2d 1153, 1171 (Ind. Ct. App. 2001). Even viewing the facts in the light most favorable to Dorsey, the Court agrees with Shire that the facts do not rise to the level of "bad faith." Essentially what Dorsey alleges is that he was unaware of any policy requiring original signatures, and if Shire had properly investigated the matter before terminating his employment, it would have learned that Southside directed Dorsey to copy its signature so the credit forms could be submitted in a timely manner. Once again, these facts suggest that Shire's termination was unreasonable, mistaken, or unfair, but the Court agrees with Shire that they fail to illustrate a "conscious doing of a wrong because of dishonest purpose of moral obliquity." *Id*. Accordingly, Shire's motion to dismiss Count III of Dorsey's Complaint is **GRANTED**.

### D. Wage Payment

Finally, Dorsey brings a claim under the WCS which applies to employees whose employment has been terminated by their employer. *See St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002) ("The Wage Claims Statute references employees who have been separated from work by their employer and employees whose work has been suspended as a result of an industrial dispute."). It states, "[w]henever any employer separates any employee from the pay-roll, the unpaid wages or compensation of such employee shall become due and payable at regular pay day for pay period in which separation occurred[.]" Ind. Code § 22-2-9-2. The WCS defines a "wage" as follows: "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or in any other method of calculating such amount." Ind. Code § 22-2-9-1(b). Dorsey's Complaint thus alleges that in failing to pay him the promised bonus, Shire has violated the WCS, and seeks liquidated damages and attorney fees. *See* Ind. Code § 22-2-5-2.

Shire argues that this claim must be dismissed because a bonus is not a wage as defined by Indiana law, noting that Indiana has held "a 'bonus' is a wage if it is compensation for time worked and is not linked to a contingency such as the financial success of the company." *Pyle v. Nat'l Wine & Spirits Corp.*, 637 N.E.2d 1298, 1300 (Ind. Ct. App. 1994). While Dorsey argues that the $30,000 retention bonus was not based on "the financial success of Shire," Response at 12, it is clear that it was contingent on him "remaining employed 'in good standing' with Shire through December 28, 2012." Dkt. No. 1-1. Accordingly, because the bonus was linked to this contingency, it is not a "wage" under the WCS, and Count IV is also **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above, Shire's motion to dismiss (dkt. no. 8) is **GRANTED** and Dorsey's Complaint is dismissed in its entirety; however, Dorsey is entitled to replead his claims. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted). **If Dorsey believes there is a good faith factual basis for any of his claims in light of this Entry, he shall file an amended complaint that sets forth the factual basis for them by Wednesday, May 14, 2014**. If Dorsey fails to file an amended complaint within the required time frame, this case will be dismissed with prejudice without further notice.

SO ORDERED: 04/30/2014

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication